IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LINDA S. BEZZARD,                            *
                                             *
              Plaintiff,                     *
                                             *
                                             *
vs.                                          *         No.3:05cv00097 SWW
                                             *
                                             *
                                             *
                                             *
SECURITAS SECURITY USA, INC.,                *
                                             *
              Defendant.                     *

<u>ORDER</u>

        This is a case of alleged employment discrimination on the basis of sex and is brought

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

The matter is before the Court on motion [doc.#34] of the defendant, Securitas Security USA,

Inc., to dismiss plaintiff's amended complaint or, in the alternative, to stay litigation and compel

arbitration.  The plaintiff, Linda S. Bezzard, has responded in opposition to defendant's motion,

and defendant has filed a reply to plaintiff's response.  The Court has considered the matter and

hereby denies defendant's motion to dismiss or stay litigation and compel arbitration.

        Defendant argues that on June 15, 2004, plaintiff voluntarily signed a Securitas

Arbitration Program Acknowledgment ("Acknowledgment") and that she and defendant thereby

entered into a binding and enforceable contract agreeing to arbitrate all controversies and

disputes arising from any aspect of plaintiff's employment.  Defendant states that despite the

agreement between itself and plaintiff to submit employment disputes to final and binding

arbitration, plaintiff has not submitted her dispute to arbitration as agreed and this matter should be dismissed or stayed pending arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4.

A dispute must be submitted to arbitration if there is a valid agreement to arbitrate and the dispute falls within the scope of that agreement. *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001) (citations omitted).[1]  The FAA declares a liberal federal policy favoring arbitration agreements, establishing that as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or like defense to arbitrability. *Id.*  Generally, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Id.*  Under the FAA, ordinary contract principles govern whether parties agreed to arbitrate, *see Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 834 (8th Cir. 1997), principles that in this case are derived from Arkansas law. *See id.*[2]

Plaintiff does not specifically dispute the terms of the Acknowledgment but does question that the signature on the Acknowledgment is hers (although she acknowledges it appears to be her signature) and that she was not given an opportunity to discuss or negotiate any arbitration provisions, all of which goes to the question of whether there was an agreement

---

[1] Title VII claims such as plaintiff's are subject to individual consensual agreements to arbitrate. *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832,  837 (8th Cir. 1997).

[2] However, the validity of an arbitration agreement to prevent litigation in federal court is generally governed by the FAA. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005).  In this respect, the FAA preempts state law to the extent that it treats arbitration agreements differently than other contracts. *Id.*

between the parties to arbitrate.  She also argues, among other things, that defendant has waived

any right to compel arbitration given the proceedings that have occurred in this Court previous to

defendant's invocation of an arbitration agreement.

It is true that despite the liberal federal policy favoring arbitration founded in the FAA,

the party seeking arbitration may be found to have waived his right to it if he (1) knew of an

existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other

party by these inconsistent acts.  *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003) (citations

omitted).  A party acts inconsistently with its right if it substantially invokes the litigation

machinery before asserting its arbitration right by failing to request a stay and fully adjudicating

its rights.  *Id.*  The actions must result in prejudice to the other party for waiver to have occurred.

*Id*.  Prejudice results when, *inter alia*, parties use discovery not available in arbitration, when

they litigate substantial issues on the merits, or when compelling arbitration would require a

duplication of efforts.  *Id.*

This Court agrees with plaintiff that even if there is a binding agreement to arbitrate

between the parties (which the Court would be inclined to find based on the terms of the

agreement and the record indicating plaintiff's assent to those terms),[3] defendant waived its right

to arbitration by failing to raise the issue prior to the motion now under consideration.  By way

of comparison, this Court previously determined in a similar Title VII case that the party

invoking an arbitration agreement, Nabholz Construction, did not substantially invoke the

---

[3] Under Arkansas law, the same rules of construction and interpretation apply to arbitration agreements as apply to agreements in general.  *Alltel Corp. v. Sumner*, — S.W.3d —, 2005 WL 318679 (Ark.Sup.Ct. Feb. 10, 2005) (citing *Cash in a Flash Check Advance of Arkansas, LLC. v. Spencer*, 74 S.W.3d 600 (Ark. 2002)).  Thus, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligation.  *Id*.  *See also Asbury Automotive Used Car Center, L.L.C. v. Brosh*, — S.W.3d —, 2005 WL 3436652 (Ark.Sup.Ct. Dec. 15, 2005) (same).

litigation machinery before asserting its arbitration right by filing an Answer and moving to dismiss separate defendants prior to requesting a stay. *Bumpous v. Nabholz Construction, et al.*, No. 4:05cv00728, slip op. at 7-8 (E.D. Ark. Dec. 19, 2005). This Court reasoned as follows:

> Nabholz's Answer, as previously noted, specifically asserted the agreement to arbitrate as a defense, and the motion to dismiss separate defendants filed two days earlier was uncomplicated and based on settled law holding that these were not proper defendants in this action. Moreover, this lawsuit is in the very early stages – the parties have not filed a Rule 26(f) report and discovery has not yet begun – and plaintiff has not shown prejudice such as the use of discovery not available in arbitration, substantial litigation of the issues on the merits, or duplication of efforts in arbitration. *Golden*, 352 F.3d at 349. Plaintiff argues that a finding in favor of Nabholz would prevent her from engaging in an opportunity to enforce her federally protected rights, but this argument is without merit as "by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Waffle House*, 534 U.S. at 296 n.10.

*Id.* (footnotes omitted).

Here, in contrast, the record shows significant litigation activity that is inconsistent with defendant's right to arbitrate. Plaintiff filed her hand written complaint *pro se* on May 11, 2005, using a form provided by the Clerk of Court, but neglected to request a jury trial. Plaintiff also filed a motion for appointment of counsel, which was referred to Magistrate Judge J. Thomas Ray. On June 23, 2005, defendant filed its Answer to plaintiff's complaint, asserting a number of affirmative defenses but not an arbitration agreement, and this Court, on June 28, 2005, issued an Initial Scheduling Order setting forth dates for the Rule 26(f) conference and report. Subsequently, on July 13, 2005, Judge Ray granted plaintiff's motion for the appointment of counsel. On September 15, 2005, plaintiff and defendant filed a joint Rule 26(f) report stating when mandatory disclosures would be made, the basis upon which discovery would be conducted, and proposing dates for the completion of discovery, the filing of motions, and a

proposed trial date.  Based on the parties' joint report, this Court, on September 16, 2005, issued

a Final Scheduling Order setting a trial date – to the Court – of July 24, 2006, and a discovery

deadline of March 1, 2006.

On October 13, 2005, plaintiff's recently appointed counsel filed a motion to amend the

complaint [doc.#27] in order to clarify that plaintiff's cause of action is for *quid pro quo* sexual

harassment, hostile work environment, and retaliation.  Plaintiff's proposed amended complaint

also contained a demand for a jury trial.  Defendant requested and was granted an extension of

until November 4, 2005, in which to respond to plaintiff's motion to amend.  Subsequently, on

November 7, 2005, defendant filed its response in opposition to plaintiff's motion to amend, not

by asserting an arbitration agreement, but by arguing that it is merely a restatement of her *pro se*

complaint and that she has waived her right to a jury trial.  In response to defendant's

protestations concerning the issue of plaintiff's request for a jury trial, this Court, on November

28, 2005, issued an Order that stated, in part, as follows:

> The Court has considered the matter and will grant plaintiff's motion to
> amend her complaint and will allow her to proceed before a jury.  The right to a
> trial by jury in civil suits is preserved by the Seventh Amendment to the United
> States Constitution where the amount in controversy exceeds twenty dollars.
> *Harrington v. Wilber*, 384 F.Supp.2d 1321, 1323 (S.D. Iowa 2005).  The right to a
> trial by jury in a civil case, however, is not absolute; the right may be waived if
> the jury demand is not made in a timely fashion.  *Indiana Lumbermens Mut. Ins.
> Co. v. Timberland Pallet & Lumber Co.,* 195 F.3d 368, 374 (8th Cir.1999) (citing
> *Burns v. Lawther,* 53 F.3d 1237, 1240 (11th Cir.1995) (per curiam)).  Rule 38 of
> the Federal Rules of Civil Procedure preserves the Seventh Amendment right to a
> civil jury and sets forth the procedural requirements for demanding a jury trial.
> *Harrington*, 384 F.Supp.2d at 1324.  Under Rule 38(b), "[a]ny party may demand
> a trial by jury by (1) serving upon the other parties a demand therefor in writing at
> any time after the commencement of the action and not later than 10 days after the
> service of the last pleading directed to such issue, and (2) filing the demand as
> required by Rule 5(d)."  *Id*. at 1323-24 (quoting Fed.R.Civ.P. 38(b)).  A failing on
> the part of a party to serve and file the demand within the ten-day time limit
> constitutes a waiver of the right to a trial by jury. Fed.R.Civ.P. 38(d).  *Id.* at 1324.

Despite the provisions of Rule 38, Federal Rule of Civil Procedure 39(b) provides:

> "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." *Id.* (quoting Fed.R.Civ.P. 39(b)). The Eighth Circuit has not articulated a legal standard under Rule 39(b), but it has noted that courts "ought to approach each application under Rule 39(b) with an open mind." *Id.* (citing *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir.1980)). The Eighth Circuit also instructs that "jury trials ought to be liberally granted when no prejudice results." *Id.*

While the Eighth Circuit has not established a particular standard to be applied to Rule 39(b), courts have generally adopted the five-factor totality of the circumstances test used by the Fifth and the Eleventh Circuit Court of Appeals, and articulated in *Credit Bureau of Council Bluffs v. Credit Bureau of Data Centers, Inc.,* 143 F.R.D. 206, 212 (S.D.Iowa 1992) (citing *Daniel Int'l v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir.1990); *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983)). *See Harrington*, 384 F.Supp.2d at 1324. Under this analysis, the five factors for the Court to consider are:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the Court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Id.*

Applying these principles, the court grants plaintiff's motion. First, the case involves issues best tried to a jury because it involves issues of employment discrimination. *Freeborn v. Mak,* 270 F.Supp.2d 1064, 1067 (S.D. Iowa 2003). Second, the Court's Final Scheduling Order was recently issued and granting the plaintiff's motion would not disrupt this Order or that of the defendant in any way. Third, the defendant does not argue prejudice and the Court in any case finds that defendant would not suffer any prejudice in seeking discovery and would not be adversely impacted by granting the plaintiff's motion because the trial in this case is scheduled for July 2006. Fourth, the plaintiff's delay in requesting a jury trial is approximately five months, which is not an excessively long period of time under these circumstances. In this respect, the reasons for the plaintiff's tardiness appears to be her *pro se* status and the time associated with appointment of her counsel and his familiarizing himself with the case. Therefore, there are no strong

and compelling reasons against allowing a jury trial.

Order at 1-3 [doc.#31].

Plaintiff filed her amended complaint that same day and this Court, on November 30, 2005, issued an Order stating that the deadlines previously set in the Final Scheduling Order would remain in place but clarifying that the matter now was to be tried to a jury rather than the Court. A little over two weeks later, on December 15, 2005, some six months after the Answer to the original complaint was filed, and three months after this Court issued a Final Scheduling Order establishing March 1, 2006, as the deadline for conducting discovery, defendant filed the motion now before the Court invoking the arbitration agreement.

Given the above chronology, the Court finds that defendant has waived it right to arbitration. Defendant does not argue that it did not know of its own arbitration program prior to invoking the agreement, and defendant clearly acted inconsistently with that right by substantially invoking the litigation machinery, including filing its Answer with no mention of the arbitration agreement, proposing parameters for conducting discovery and when that discovery should be completed, contesting plaintiff's motion to amend, and allowing three months of the time for conducting discovery – more than half of the allotted time as established by the Court's Final Scheduling Order – to pass before invoking the agreement. In this respect, prejudice has resulted as defendant litigated a substantial issue on the merits, namely plaintiff's right to a jury trial (which resulted in this Court issuing a somewhat complicated Order rejecting defendant's argument). *See Kelly*, 352 F.3d at 349.

IT IS THEREFORE ORDERED that the motion [doc.#34] of defendant Securitas Security USA, Inc., to dismiss plaintiff's amended complaint or, in the alternative, to stay

litigation and compel arbitration be and it hereby is denied.

Dated this 8th day of February, 2006.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE